SEALED
s/ dominicfrank

ORDERED UNSEALED on 05/07/2024 s/ dominicfra

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ANTHONY TORRES,<br><br>Defendant. | Case No.: '24 MJ1708 SBC<br><br><u>COMPLAINT FOR VIOLATION OF</u>:<br><br>Title 18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm |

The undersigned complainant being duly sworn states:

On or about April 20, 2024, within the Southern District of California, defendant ANTHONY TORRES, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a loaded Colt 1911 .45 caliber firearm, with an obliterated serial number, in violation of Title 18, United States Code, Section 922(g)(1).

COLE V. JONES
SPECIAL AGENT, ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 1st day of May 2024.

HON. STEVE B. CHU
UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all the information known to myself or other federal agents and state and local officers regarding this investigation but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On April 20, 2024, at approximately 7:50 p.m. San Diego Police Department officers were working in the Logan Heights neighborhood in the City and County of San Diego to monitor gang activity during the Chicano Park Day activities. In recent years, members of the Logan Heights criminal street gang have adopted this day as a celebratory day. On such occasions, where many members of a gang set gather in one area on a known day, it is common practice for many members to be armed with weapons, including firearms, for protection against any rival gangs who might try to take advantage of the gatherings to attack their rivals.

Officers observed individuals wearing Logan Heights gang clothing in the front yard of a residence known to be the residence of a Logan Heights criminal street gang member. Officers observed two males and a female exit the yard and get into a dark colored Chrysler 300. The vehicle was observed making multiple turns before driving eastbound on 2800 Clay Avenue, then pulled nose first into an angled parking position in a red zone. Officers drove to the location to speak with the vehicle occupants regarding parking illegally in the red zone. As officers reached the vehicle, all three occupants were standing near the drivers side of the vehicle. Officers asked the group, including an individual later identified as Anthony TORRES, who had been driving the vehicle. TORRES replied that the vehicle belonged to the female, but did not state who had been driving.

Officers noticed that TORRES was wearing a baggy gray button-down shirt and baggy, slightly oversized jeans. TORRES was also wearing a baseball hat with “TC” on it. Officers recognized the hat as a Minnesota Twins baseball team hat. Members of the Logan Heights criminal street gang are known to wear these hats to signify their gang members.

Based on these observations, as well as the surrounding circumstances, one of the officers decided to conduct a weapons pat down of TORRES. The officer walked toward TORRES and asked if TORRES had any weapons on him. TORRES bladed his body by turning it to the left and away from the officer. TORRES stated that he did not have any weapons on him. The officer told TORRES that the officer was going to pat TORRES down for weapons. The officer reached for TORRES' arm.

As the officer reached for TORRES's arm, TORRES turned left and started to run eastbound. The officer grabbed ahold of TORRES's shirt in the middle of his back. TORRES continued to try to run away, while the officer pulled on TORRES's shirt. Both individuals spun in a circle until TORRES bounced off the back of a parked vhicle. The officer continued to hold TORRES as TORRES tried to pull away. As the struggle ensued, another officer pulled his unmarked vehicle into the street. The officer tried to pin TORRES against the vehicle to handcuff him. TORRES was eventually subdued with the assistance of other officers. Officers then noticed a handgun lying in the street near TORRES. The firearm was recovered, and found to be a Colt 1911 .45 caliber handgun, with 7 rounds of ammunition. The serial number of the firearm was ground off and illegible. The firearm was heavily rusted and weathered. Later, when TORRES was being booked, a dark imprint/rust transfer was observed on TORRES's abdomen, directly under his belly button and above his belt line. The shape of the discoloration resembled the firearm found on scene. Additionally, the rusty finish of the firearm had a similar coloration to the imprint seen on TORRES's waistline.

A records check of TORRES revealed that TORRES is active probation in Riverside County and has the following felony criminal history:

| **CONVICTION DATE** | **COURT OF CONVICTION** | **CHARGE** | **TERM OF IMPRISONMENT** |
|---|---|---|---|
| 2/10/2023 | CASC – San Diego | PC §30305(a)(1) – Prohibited Person in Possession of Ammunition | 16 months |

The Colt firearm was seized and inspected. Preliminary checks revealed that the firearm was not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.

TORRES was interviewed and denied possessing the firearm.

**REQUEST FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.